IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
_____

ASSOCIATED TRUST COMPANY,
NATIONAL ASSOCIATION,

        Plaintiff,                                      ORDER FOR
                                                                     DEFAULT JUDGMENT

        v.                                                           17-cv-358-wmc

JEANNIE M. BLAZEK,

        Defendant.
_____

       A hearing was held on plaintiff's motion for default judgment on Wednesday, August 23, 2017, at 9:00 a.m., at which Attorney David Sisson appeared for plaintiff and defendant again failed to appear.

       In the complaint, plaintiff Associated Trust Company, N.A., alleges that it distributed retirement funds held for David Zimmerman to defendant Jeannie Blazek in error, and that defendant, after initially indicating that she would return the funds, failed to do so.[1] For reasons explained on the record, as well as set forth below, default judgment will now be granted in favor of plaintiff in the form of an award of attorney's fees.

---

[1] Because the distributed funds are covered by ERISA, Associated Trust brings a claim as a fiduciary for equitable relief under 28 U.S.C. § 1132(a)(3), including a constructive trust.

1

## BACKGROUND[2]

The complaint in this case was filed on February 24, 2017. Defendant was served that same day, making her answer due March 17, 2017. (Dkt. #3.) Defendant failed to answer, respond or otherwise appear, and the clerk entered default on March 28, 2017. (Dkt. #6.) Plaintiff's motion for default judgment followed. (Dkt. #8.)

David Zimmerman was employed by Lakeside Foods, Inc., from 1972 until the time of his death on October 11, 2016. Lakeside Foods was the plan sponsor of a retirement plan for the benefit of its employees, including Zimmerman. As of October 11, 2016, the market value of Zimmerman's vested account balance was $150,650.43. Zimmerman had designated his three children as primary beneficiaries under the plan upon his death, with each to receive 33.3% of the vested balance.

On October 3, Zimmerman executed a Power of Attorney that designated defendant Blazek as his agent should he become disabled or incapacitated. At approximately 8:00 a.m. on October 11, Blazek delivered a distribution request form on behalf of Zimmerman, which requested that a cash distribution of Zimmerman's vested account balance be deposited into Blazek's bank account. Zimmerman died at 3:39 p.m. that same day, with Lakeside Foods being informed at approximately 4:54 p.m. At the time of his death, Zimmerman's three children became the beneficial owners of his vested account.

On October 25, however, Lakeside authorized distribution of the funds from plaintiff Associated Trust to Blazek's personal bank account, and on October 28,

---

[2] The facts here are taken from the allegations in the complaint, which are accepted as true in light of defendant's default, and the uncontested representations in the plaintiff's documents supporting default. *See Domanus v. Lewicki*, 742 F.3d 290, 303 (7th Cir. 2014) (upon default judgment, "allegations in the complaint relating to liability are true").

Associated distributed $119,569.46, representing the balance less federal tax withholdings of $29,899.12.[3] Three days later, on October 31, Lakeside informed Associated Trust of Zimmerman's death and beneficiary information. At that time, Associated Trust learned for the first time that the distribution had occurred after Zimmerman's death, and therefore was in error.

Plaintiff Associated Trust coordinated with Lakeside in an attempt to get Blazek to return the funds. This undertaking required substantial efforts to recover the funds, including lengthy discussions between Associate's counsel, Blazek and her counsel, and when those discussions failed, pursuit of this lawsuit. Only "[r]ecently, Blazek delivered separate checks to [Associated Trust] for $70,000 and $49,595.47 and $1.00 in cash." (Sisson Decl. (dkt. #10) ¶¶ 10, 13.) This totals $119,596.47, or one cent more than the amount originally, erroneously distributed to Blazek.

OPINION

Plaintiff asserted two causes of action for (1) unjust enrichment / constructive trust and (2) conversion. While ERISA preempts any state law claims, *see* 29 U.S.C. § 1144(a), the court can construe an ERISA claim for a constructive trust from the pleading under 29 U.S.C. § 1132(a)(3), since such a claim contemplates equitable relief. *See McDonald v. Household Int'l, Inc.*, 425 F.3d 424 (7th Cir. 2005). Regardless, in light of defendant having repaid the amount dispersed to her, plaintiff is only seeking its legal fees and expenses in pursuing recovery.

---

[3] On October 27, the market value of the account had dropped slightly to $149,495.58.

Section 502(g)(1) of ERISA, 29 U.S.C. §1132(g)(1), contemplates an award of reasonable attorney's fees and costs. Indeed, an award is appropriate if the party shows "some degree of success on the merits." *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242 (2010). Accepting the allegations in the complaint as true, as required in evaluating a motion for default judgment, an award of attorneys' fees is warranted in light of the extraordinary efforts plaintiff was forced to undertake to recover funds that defendant was obviously required to return.[4] The declaration of plaintiff's counsel set forth the time spent on this case. (Sisson Decl. (dkt. #10) ¶¶ 15, 17; *id.*, Ex. A (dkt. #10-1).) Since counsel's time and hourly rates appear reasonable, the court will award the amount requested: $20,529.04 in attorneys' fees and $672.20 in costs. (*Id.* at ¶¶ 14, 19.)

ORDER

IT IS ORDERED THAT:

1) Plaintiff's Motion for Default Judgment (dkt. #8) is GRANTED.

2) The clerk is directed to enter final judgment in plaintiff's favor against defendant in the amount of $21,201.24.

Entered this 23rd day of August, 2017.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge

---

[4] At the default hearing, plaintiff's counsel indicated that defendant was deposed as part of a separate state action in state court, in which Associated Trust participated, but is not seeking its fees and costs here. Rather than a defense for her conduct, plaintiff's counsel represented that defendant invoked her Fifth Amendment right to remain silent.

4